IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

FREDDY J. SWACKHAMER PLAINTIFF
ADC #87405

V. NO. 5:07cv00141 JLH-JWC

GRANT HARRIS DEFENDANT

PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## I. Instructions

The following recommended disposition has been sent to United States District Court Chief Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of these findings and recommendations. A copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## II. Recommended Disposition

On August 21, 2007, Defendant Harris filed a motion to dismiss and brief in support (docket entries #19, #20) seeking to dismiss Plaintiff's 42 U.S.C. § 1983 complaint (for interference with legal mail) on the grounds that he has failed to state a claim upon which relief can be granted. Specifically, Defendant contends that respondeat superior is not a viable basis for liability, violation of an internal Arkansas Department of Correction ("ADC") policy is not actionable, and that he is entitled to the protection of qualified immunity. By order entered August 21, 2007 (docket entry #21), Plaintiff was notified of his opportunity to file a responsive pleading opposing Defendant's motion, which he has done (docket entry #23).

By way of background, on August 21, 2007, Defendant Harris filed a suggestion of death (docket entry #18) indicating that former Defendant Smallwood had died. Pursuant to Fed. R. Civ. P. 25(a)(2), the Clerk of the Court was directed to note the death of Defendant Smallwood on the record and the case was permitted to proceed against Defendant Harris (see order entered September 19, 2007; docket entry #24). According

to Plaintiff's original complaint and supplemental filings (see docket entries #2, #6, #8, #11), Defendant Smallwood failed to make timely delivery of Plaintiff's legal mail after receipt by the ADC and she opened his legal mail outside his presence. Plaintiff further alleges a failure to correct the situation on the unit level and the confiscation of his outgoing legal mail. Plaintiff contends Defendant Smallwood was following the orders of an unidentified "superior authoritative figure."

Dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is proper only if, accepting each allegation as true, it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Estelle v. Gamble, 429 U.S. 97, 106 (1976) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)); Murphy v. Lancaster, 960 F.2d 746, 748 (8th Cir. 1992). In addition, pro se complaints must be liberally construed and held "to less stringent standards than formal pleadings drafted by lawyers." Haines, 404 U.S. at 520-21. Moreover, where Plaintiff is proceeding pro se, the Court must consider facts set forth in any opposition to the motion to dismiss in determining whether a cognizable claim has been stated. Ketchum v. City of West Memphis, 974 F.2d 81, 82 (8th Cir. 1992).

## III. Analysis

### A. Respondeat Superior Liability

Plaintiff seeks to hold Defendant Harris, who is the warden of the Varner Unit, responsible for the acts of former Defendant Smallwood. For a defendant to be held liable under § 1983, he or she must have personally participated in, or had some responsibility for, the particular act which deprived the plaintiff of a constitutionally protected right. Ellis v. Norris,179 F.3d 1078, 1079 (8th Cir. 1999); Madewell v. Roberts, 909 F.2d 1203, 1208

(8th Cir. 1990). "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." Madewell, 909 F.2d at 1208 (citing Rizzo v. Goode, 423 U.S. 362, 370-71, 375-77 (1976); Cotton v. Hutto, 577 F.2d 453, 455 (8th Cir. 1978) (per curiam)). The doctrine of respondeat superior is generally an improper basis upon which to rest a § 1983 claim because an individual cannot be held liable solely on the actions or inactions of his or her subordinates. Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995). Moreover, "general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability." Keeper v. King, 130 F.3d 1309, 1314 (8th Cir. 1997) (quoting Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995)).

A supervisor can be held individually liable under § 1983 if he "directly participates in a constitutional violation or if [his] failure to properly supervise and train the offending employee caused a deprivation of constitutional rights." Askew v. Millerd, 191 F.3d 953, 958-59 (8th Cir. 1999) (quoting Andrews v. Fowler, 98 F.3d 1069, 1078 (8th Cir. 1996) (citing Tilson v. Forrest City Police Dep't, 28 F.3d 802, 806 (8th Cir. 1994)). However, "a single incident, or a series of isolated incidents," usually will not provide a sufficient "basis upon which to assign supervisory liability." Howard v. Adkison, 887 F.2d 134, 138 (8th Cir. 1989) (citing Williams v. Willits, 853 F.2d 586, 588 (8th Cir. 1988)). In order to hold Defendant Harris individually liable under § 1983, Plaintiff must show that as a supervisor, Defendant Harris was "deliberately indifferent to or tacitly authorized the offending acts . . . . This requires a showing that the supervisor had notice that the training procedures and supervision were inadequate and likely to result in a constitutional violation." Andrews, 98

F.3d at 1078 (citing Tilson, 28 F.3d at 807; Thelma D. v. Bd. of Educ., 934 F.2d 929, 934 (8th Cir. 1991)).

In response to Defendant's motion (docket entry #23), Plaintiff asserts that he is not presenting a "respondeat superior" issue for argument but does not conceal the fact that Defendant Harris is the warden of the Varner Unit and as such is liable for "activity and content." Although this statement, standing alone, is insufficient to assign liability to Defendant Harris, Plaintiff's complaint does specifically allege and attach evidence that Defendant Harris had knowledge and was placed on notice that Plaintiff's legal mail was being mishandled in the mail room (see docket entry #2, Exhibits 10-D and 11-D).[1] At this stage of the litigation, this is a sufficient allegation of Defendant Harris' "personal involvement" in the events related to Plaintiff's claim.

**B. Violation of an Internal Administrative Policy**

Defendant next contends that Plaintiff is alleging that he and others under his supervision violated ADC mail policy, a claim that is not actionable under § 1983. Defendant offers a single paragraph in support of this contention. Plaintiff counters, without elaboration, that the violation of an internal ADC policy is actionable. An internal ADC policy does not create a constitutional right, nor does a prison official's failure to follow such a regulation rise to the level of a § 1983 claim. See Kennedy v. Blankenship, 100 F.3d 640, 643 (8th Cir. 1996) (no federal constitutional liberty interest in having state

[1] The Deputy/Assistant Director's decision of Grievances VU-07-00088 and VU-07-0203 specifically and respectively state: "[I]f it will help resolve your complaint, I will advise the Unit Warden to advise his staff the policy and procedure of mail to ensure this does not happen in the future"; and "I am advising the Unit Warden to advise his staff the policy and procedures of legal mail to ensure this does not happen again in the future."

officers follow state law); see also Smith v. Rucker, 259 F.3d 933 (8th Cir. 2001) (per curiam) (inmate's allegation that prison officials violated his due process rights by failing to follow administrative regulations did not state a claim; the due process clause does not federalize state-law procedural requirements); Hughes v. Lee County Dist. Court, 9 F.3d 1366, 1367 (8th Cir. 1993) (assertion that state violated its own procedural guidelines does not state a federal claim); Valiant-Bey v. Morris, 829 F.2d 1441, 1444 n.5 (8th Cir. 1987) (§ 1983 claim cannot be premised on violation of state regulation). However, Plaintiff is very clearly and correctly alleging that he has a constitutional right to have confidential legal mail opened only in his presence. See Falls v. Nesbitt, 966 F.2d 375, 380 (8th Cir. 1992) (a prison official's violation of an internal regulation does not give rise to a § 1983 claim in the absence of objective evidence demonstrating a constitutional violation); see also Powells v. Minnehaha County Sheriff Dep't, 198 F.3d 711, 712 (8th Cir. 1999) (per curiam) (holding inmate's allegation that prison officials opened his legal mail outside of his presence stated claim); Thongvanh v. Thalacker, 17 F.3d 256, 258-59 (8th Cir. 1994) (prisoners retain their First Amendment rights of sending and receiving mail, and prison officials may not read inmates' legal mail).

Legal mail is to be opened only in the presence of the receiving inmate. Gardner v. Howard, 109 F.3d 427, 430 (8th Cir. 1997) (citing Jensen v. Klecker, 648 F.2d 1179, 1182 (8th Cir. 1981)). No liability arises, however, from an isolated, inadvertent instance of opening incoming confidential legal mail, without any evidence of improper motive or resulting interference with the inmate's right to counsel or access to the courts. Gardner, 109 F.3d at 431. The record in Jensen, like the record in the present action, includes evidence of several instances of opening an inmate's confidential, well-marked attorney

mail. While Plaintiff does enjoy a constitutional right to have his confidential legal mail opened only in his presence, he must nevertheless demonstrate some injury and/or prejudice as a result of same. In Plaintiff's case there is simply no allegation or evidence demonstrating any improper motive on the part of Defendant Harris or that Defendant Harris' actions (or, inaction) in any way interfered with Plaintiff's right to counsel or to access the courts. See Turner v. Ms. Douglas, No. 1:06CV00058, 2007 WL 87628, at *2 (E.D. Ark. Jan. 10, 2007)[2] (citing Lewis v. Casey, 518 U.S. 343, 349 (1996)) ("To state a valid § 1983 claim due to interference with an inmate's legal mail, an inmate must allege that a defendant's deliberate and malicious interference actually impeded her access to the court or prejudiced an existing action"); see also Jones v. Mail Room Staff, 74 Fed. Appx. 418, 419 (5th Cir. 2003) (unpub. per curiam) (citing Lewis, 518 U.S. at 349-51) (plaintiff did not allege that he was prejudiced in any pending or contemplated litigation because the mail room staff had opened his legal mail; therefore, he fails to state a claim). On these grounds, Defendant's motion to dismiss should be granted.

## IV. Conclusion

In accordance with the above, IT IS THEREFORE RECOMMENDED that:

1. Defendant's motion to dismiss (docket entry #19) should be GRANTED and Plaintiff's case against him DISMISSED in its entirety WITH PREJUDICE.

2. All pending motions should be DENIED AS MOOT.

---

[2] J. Leon Holmes and Henry L. Jones, Jr.

3. The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any order adopting this recommendation, and any judgment entered thereunder, would not be taken in good faith.

4. This dismissal should count as a "strike" as frivolous pursuant to 28 U.S.C. § 1915(g).[3]

DATED this 1st day of February, 2008.

UNITED STATES MAGISTRATE JUDGE

[3] Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the in forma pauperis statutes] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.